**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2008[*]
Decided March 14, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 07-3184

| | |
|---|---|
| MICHAEL A. JOHNSON, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
| *v.* | |
| | No. 06 C 100 |
| EMIL MOELLER and | |
| CHERYL CALLOWAY, | Larry J. McKinney, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

In this suit filed under 42 U.S.C. § 1983, Indiana pretrial detainee Michael Johnson accuses Deputy Emil Moeller of using excessive force, and Sergeant Cheryl Calloway of failing to prevent Moeller's use of excessive force, in violation of his rights under the Eighth and Fourteenth Amendments. The district court granted summary judgment to the defendants, and we affirm.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. FED. R. APP. P. 34(a)(2).

In January 2004 Johnson got into an altercation with another detainee, Robert Barker. As a result Deputy Moeller, Sergeant Calloway, Officer Brittani Wallace, and another guard attempted to transport both detainees to a separate holding area. On the way there, a security camera in a stairwell recorded the following incident. As the group paused in the stairwell, Sergeant Calloway, who was standing between Johnson and Barker, removed Johnson's handcuffs in order to place him in metal restraints. Once his handcuffs were removed, Johnson lunged in the direction of Barker and threw a punch that struck Sergeant Calloway in the face and knocked her and Barker to the floor. The attack was unprovoked. Immediately Deputy Moeller struck Johnson once in the back with the metal restraints he was carrying, pushed him to the floor, and placed him in handcuffs. Once Johnson was on the floor, Deputy Moeller did not strike him again. Sergeant Calloway, who had been knocked to the floor, did not see Deputy Moeller strike Johnson, but she managed to get up and assist Deputy Moeller after he had subdued Johnson. After Internal Affairs investigated the incident, Johnson was charged with battery and pleaded guilty.

Johnson then filed suit. Moeller and Calloway filed separate motions for summary judgment. In opposition to Moeller's motion, Johnson asserted that Moeller struck him six to eight times in the head after he had complied with his order to lie down on the floor. Johnson accused Moeller, Calloway, and officers from Internal Affairs of conspiring to cover up Moeller's use of excessive force. Johnson pointed to statements in the officers' depositions and other records that he maintained showed inconsistencies in Moeller's and Calloway's account of the incident and the insufficiency of the Internal Affairs investigation. He did not explain how any of them demonstrated that there was a conspiracy among the officers, and indeed, most of the material he cited contradicted his version of events. For example Johnson cited Wallace's testimony that Moeller "was hitting" Johnson in the back of his body immediately after Johnson threw the punch. Shortly after making that statement, Wallace testified that she did not believe Moeller hit Johnson in the head. Johnson also submitted an unsigned document that appeared to be written by a medical professional on the date of the altercation. It said that Johnson's wrist was swollen and bruised, that he had lacerations on his forearm, neck, and under his eyes, and that on the top of his head he had three bumps and two small cuts that had encrusted. Johnson's response to Calloway's separate motion for summary judgment repeated many of the arguments he raised in his response to Moeller's motion, and added that Moeller and Calloway had edited the security tape to omit the additional strikes to his head.

The district court found that Johnson had produced no evidence to support his assertion that the security tape was altered. It granted summary judgment to Moeller because a reasonable jury could conclude only that he applied the force necessary to regain

control of the situation and to Calloway because she was unable to prevent Moeller from applying force to Johnson.

Johnson argues on appeal that the district court failed to take into account his evidence that the security tape was edited and that the district court erred in rejecting his claims. He also mentions that the defendants violated his due process rights by failing to turn over the unedited version of the tape, but that argument appears to be auxiliary to his principal contention that an unedited version existed in the first place. We review the grant of summary judgment de novo. *Sides v. City of Champaign*, 496 F.3d 820, 826 (7th Cir. 2007). Summary judgment is appropriate if sufficient evidence does not exist to permit a reasonable jury to return a verdict for Johnson. *See id.* We draw all reasonable inferences in Johnson's favor, *see id.* at 822, but we will conclude that no rational juror could believe his version of events if the record blatantly contradicts it, *see Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007); *see also Henning v. O'Leary*, 477 F.3d 492, 496 (7th Cir. 2007). We also don't consider arguments that rely on bare conclusions without factual support. *Spath v. Hays Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 397 (7th Cir. 2000).

Although pretrial detainees are protected by the Fourteenth Amendment and not the Eighth Amendment, we have assessed their claims that arise from incarceration under the standards of the Eighth Amendment, s*ee Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007); *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005), and we have assumed those standards apply to their claims of excessive force as well, *Wilson v. Williams*, 83 F.3d 870, 876-77 (7th Cir. 1996). Johnson, therefore, must submit evidence showing a genuine issue of fact regarding whether Deputy Moeller used force "maliciously and sadistically to cause harm" instead of to restore order. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Fillmore v. Page*, 358 F.3d 496, 503 (7th Cir. 2004).

Johnson insists that Moeller struck him six to eight times in the head. But "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 127 S. Ct. at 1776. No reasonable juror could believe Johnson's version of events because the security tape shows that after Johnson hit Calloway, Moeller struck him only once in the back with the metal restraints, drove him to the floor, and handcuffed him. *See id.* (holding that summary judgment should have been granted because motorist's version of facts was "utterly discredited" by videotape of incident). Furthermore, Johnson submitted an unsigned medical evaluation that was conducted the same day as the altercation, but the head injuries it described—three bumps and two cuts that had already healed—contradicts Johnson's account of a severe beating, especially given that some of those injuries may have been the result of Johnson's fight with Barker to begin with. We reject Johnson's conclusion

that the tape was edited to omit the additional strikes because the only evidence he cites to support it amounts, at most, to inconsequential discrepancies among the guards' consistent account of the event. *See Henning*, 477 F.3d at 496 (minor inconsistencies in testimony not enough to defeat summary judgment). Ultimately, Johnson's claims against Moeller fail because the record conclusively shows that Moeller applied no force after he restrained Johnson. Furthermore, Johnson's claims against Calloway fail because Moeller applied no force that she was obligated to prevent. *See Fillmore,* 358 F.3d at 506; *Chavez v. Ill. State Police,* 251 F.3d 612, 652 (7th Cir. 2001).

AFFIRMED.